UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KINZIE ADVANCED POLYMERS LLC, doing business as GROVE BAGS,<br><br>                Plaintiff,<br>    v.<br><br>HIGHOPES, LLC,<br><br>                Defendant. | CASE NO. 2:24-cv-00388-LK<br><br>ORDER SANCTIONING PLAINTIFF |

      This matter comes before the Court following its June 20, 2024 Order to Show Cause. Dkt. No. 37. On June 7, 2024, the Court ordered both parties to file amended corporate disclosure statements by June 14, 2024. *See* Dkt. No. 33. Plaintiff Kinzie Advanced Polymers LLC filed its statement on June 18, 2024, without explanation for its delay. Dkt. No. 36. Accordingly, the Court ordered Plaintiff to show cause within seven days why it should not be sanctioned for failing to timely comply with the Court's June 7, 2024 order. Dkt. No. 37. To date, Plaintiff has not responded to the Court's order to show cause.

A federal court's inherent authority allows it to "to fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)); *see also Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) ("Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power."); LCR 11(c). This inherent authority includes the ability "to impose sanctions for bad faith, which includes a broad range of willful improper conduct," *Fink*, 239 F.3d at 992, such as the disobedience of a court order, *see, e.g.*, *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 965 (9th Cir. 2004) (per curiam) (citing *Fink*, 239 F.3d at 991).

In this case, Plaintiff was required to file an amended corporate disclosure statement on or before June 14, 2024. Dkt. No. 33. Plaintiff filed the statement late without offering any explanation whatsoever, and thereafter failed to respond to the Court's show cause order. Dkt. Nos. 36–37. Accordingly, the Court hereby ORDERS sanctions in the amount of $125 against Plaintiff. No later than July 12, 2024, Plaintiff must deliver a $125 check payable to the Clerk of Court. Future violations of Court orders may result in additional sanctions.

Dated this 2nd day of July, 2024.

Lauren King
United States District Judge

ORDER SANCTIONING PLAINTIFF - 2