UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KINZIE ADVANCED POLYMERS LLC, doing business as GROVE BAGS,<br><br>               Plaintiff,<br>  v.<br><br>HIGHOPES LLC,<br><br>               Defendant. | CASE NO. 2:24-cv-00388-LK<br><br>ORDER TO SHOW CAUSE |

      This matter comes before the Court sua sponte. Despite a prior order alerting the parties to the importance of adequately establishing diversity jurisdiction, Dkt. No. 33, the parties have failed to do so. They are accordingly ordered to show cause why this case should not be remanded to the Cuyahoga County Court of Common Pleas.

## I.   DISCUSSION

      Kinzie filed its initial complaint on July 6, 2023 in the Cuyahoga County Court of Common Pleas. Dkt. No. 1-1. On August 4, 2023, Highopes removed this case based on diversity jurisdiction. Dkt. No. 1 at 2. Diversity jurisdiction exists over all civil actions where the matter in

ORDER TO SHOW CAUSE - 1

controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). Whenever a removing defendant invokes diversity jurisdiction, the district court strictly construes the general removal statute against removal. *See Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056–57 (9th Cir. 2018). The presumption against removal based on diversity jurisdiction "means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).

Section 1332(a)(1) requires complete diversity; that is, each plaintiff must be a citizen of a different state than each of the defendants. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004). Here, both parties are limited liability companies, which "have the citizenship of all of their owners/members[.]" *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 902 (9th Cir. 2006).

Kinzie and Highopes have four members between them, all of whom are natural persons. Dkt. Nos. 35 at 1; 36 at 1–2. Natural persons are deemed to be citizens of the state where they are domiciled. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019). Highopes' removal petition alleges diversity jurisdiction based on each member's residency. Dkt. No. 1 at 2. However, that is insufficient for the Court to conclusively determine each member's domicile, and therefore citizenship, *see Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). Kinzie's amended complaint fares no better in alleging sufficient jurisdictional facts; it does not identify either its or Highopes' members or their domiciles. *See* Dkt. No. 28 at 1–2; *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970) ("Failure to make proper and complete allegations of diversity jurisdiction relegates a litigant to . . . jurisdictional purgatory."). The corporate disclosure statements also do not identify the members' domiciles, Dkt. Nos. 35, 36, containing only conclusory descriptions of each member's

ORDER TO SHOW CAUSE - 2

citizenship. *Faris v. Petit Pot, Inc.*, No. CV 23-1955-JFW(PDX), 2023 WL 6192703, at *2 (C.D. Cal. Aug. 18, 2023) (conclusory allegations regarding citizenship were insufficient to plead diversity); *Un Boon Kim v. Shellpoint Partners, LLC*, No. 15-cv-611-LAB(BLM), 2016 WL 1241541, at *5 (S.D. Cal. Mar. 30, 2016) (finding that diversity was inadequately pled when the operative complaint "ma[d]e the conclusory allegation that '[Defendant] is a citizen of the state of Georgia.'").

## II.   CONCLUSION

The parties are therefore ORDERED TO SHOW CAUSE by no later than November 8, 2024 why this case should not be remanded due to lack of complete diversity between the parties. The Court will discharge its Order if sufficient jurisdictional facts are timely introduced into the record that allow the Court to determine whether the parties were completely diverse at the time the case was removed to federal court.

Dated this 28th day of October, 2024.

Lauren King
United States District Judge