UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KINZIE ADVANCED POLYMERS LLC, doing business as GROVE BAGS,<br><br>                     Plaintiff,<br><br>     v.<br><br>HIGHOPES LLC,<br><br>                    Defendant. | CASE NO. 2:24-cv-00388-LK<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND MOTION TO DISMISS |

This matter comes before the Court on Defendant Highopes LLC's Second Motion to Dismiss Plaintiff Kinzie Advanced Polymers LLC's Amended Complaint. Dkt. No. 41. For the reasons below, the Court grants in part and denies in part the motion.

## I.    BACKGROUND

### A.    Factual Background

Kinzie operates in the cannabis industry, doing business as Grove Bags. Dkt. No. 28 at 2. Looking to improve its website and online search rankings, Kinzie entered into discussions with Highopes, a digital agency. *Id.* at 2–3. Contract negotiations began in late January 2022 and

continued for about 15 days. *Id.* at 3. The parties formally executed the contract, named the "Project Proposal," on February 8, 2022. *Id.*; Dkt. No. 32-1 at 24. Under the contract:

- Highopes was to "[d]esign and develop a scalable [and] conversion optimized e-commerce website" and "begin utilizing [search engine optimization] marketing to regain and exceed past search rankings," Dkt. No. 32-1 at 2;

- The work would take Highopes nine to twelve weeks from the project kickoff date to complete, depending on when Highopes received feedback at each milestone, *id.* at 12;

- The total project cost for Kinzie was $23,000, plus an additional recurring monthly fee of $2,250 for the "SEO+ Program" and "Webcare Program," *id.* at 13; and

- The Limitation of Liability provision limits Kinzie's "maximum remedy" for "damages for any and all causes whatsoever" to "the total Project fee," and expressly excludes "lost profits, business interruption," and "any indirect, incidental, special, consequential, exemplary or punitive damages arising out of or relating to the materials or the services provided" by Highopes, *id.* at 20.

Kinzie alleges that Highopes failed to complete the work outlined in the contract. Dkt. No. 28 at 4. According to Kinzie, the work became so delayed that its own employees had to assist Highopes with the project completion, resulting in additional costs. *Id.* In the end, the website was delivered eight to nine months late, and when it launched, it crashed and was down for about 10 days. *Id.* After the website crashed, the keyword search for Kinzie dropped by over 50 percent. *Id.* It took Kinzie over three months to recover its keyword search position, which required paying third party companies such as Google for search engine optimization services. *Id.*

Kinzie filed suit, alleging breach of contract (Count 1) and fraudulent misrepresentation (Count 2). Dkt. No. 1-1 at 6–7.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND MOTION TO DISMISS - 2

**B.    Procedural Background**

Kinzie filed its initial complaint on July 6, 2023 in the Cuyahoga County Court of Common Pleas. Dkt. No. 1-1. On August 4, 2023, Highopes removed the case to the United States District Court for the Northern District of Ohio, Eastern Division. Dkt. No. 1. The proffered basis for subject matter jurisdiction was diversity jurisdiction. *Id.* at 2 (federal jurisdiction exists over this action "because it is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interest and costs."). Highopes then successfully moved to transfer the case to this district based on the contract's forum selection clause. Dkt. No. 4 at 2–3 (motion to transfer); Dkt. No. 13 (order granting transfer).

After transfer, Highopes filed a motion to dismiss, Dkt. No. 26, prompting Kinzie to amend its complaint, Dkt. No. 28. Highopes then moved to dismiss the amended complaint. Dkt. No. 41. In its motion, Highopes challenges subject matter jurisdiction, specifically targeting the amount in controversy. *Id.* at 6. It also seeks dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), *id.* at 6–7, and appears to move for judgment on the pleadings under Rule 12(c), *id.* at 6.

## II.    DISCUSSION

As explained below, the Court finds it has subject matter jurisdiction over this action because diversity jurisdiction existed at the time of removal. The Court then grants in part and denies in part Highopes' motion under Rule 12(b)(6), finding that the amended complaint states a claim for breach of contract (Count 1), but not for fraudulent misrepresentation (Count 2). Finally, the Court denies Highopes' Rule 12(c) motion as premature.

**A.    The Court Has Subject Matter Jurisdiction Over This Case**

Diversity jurisdiction exists over all civil actions where the matter in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). Whenever a

1   removing defendant invokes diversity jurisdiction, the district court strictly construes the general

2   removal statute against removal. *See Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056–57 (9th

3   Cir. 2018). The presumption against removal based on diversity jurisdiction "means that the

4   defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980

5   F.2d 564, 566 (9th Cir. 1992) (per curiam).

6       1.   Complete Diversity Exists

7       The first step in the analysis is to determine the parties' citizenship. Section 1332(a)(1)

8   requires complete diversity; that is, each plaintiff must be a citizen of a different state than each of

9   the defendants. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004). Here, both parties

10  are limited liability companies, which "have the citizenship of all of their owners/members[.]"

11  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 902 (9th Cir. 2006).

12      Kinzie and Highopes have four members between them, all of whom are natural persons.

13  Dkt. Nos. 35 at 1; 36 at 1–2. Natural persons are deemed to be citizens of the state where they are

14  domiciled. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019). Highopes'

15  removal petition alleges diversity jurisdiction based on each member's residency. Dkt. No. 1 at 2.

16  However, that is insufficient for the Court to conclusively determine each member's domicile, and

17  therefore citizenship. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A

18  person residing in a given state is not necessarily domiciled there, and thus is not necessarily a

19  citizen of that state."). Kinzie's amended complaint fares no better in alleging sufficient

20  jurisdictional facts; it does not identify either its or Highopes' members or their domiciles. *See*

21  Dkt. No. 28 at 1–2. The corporate disclosure statements also do not identify the members'

22  domiciles, Dkt. Nos. 35, 36, containing only conclusory descriptions of each member's citizenship.

23  *See Faris v. Petit Pot, Inc.*, No. CV 23-1955-JFW(PDX), 2023 WL 6192703, at *2 (C.D. Cal. Aug.

24  18, 2023) (conclusory allegations regarding citizenship are insufficient to plead diversity).

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND MOTION TO DISMISS - 4

It was only through supplemental briefing that the parties adequately established their citizenship. Dkt. Nos. 45–47. Kinzie has one member, Jacob Grover, who is domiciled in Ohio. Dkt. No. 46 at 1; Dkt. No. 47 at 2. Highopes has three members: Mina Johnson, Patrick Toste, and Thomas Warinner. Dkt. No. 45 at 1. Johnson is domiciled in Woodinville, Washington. Dkt. No. 45-6 at 1–2. Toste and Warriner are each domiciled in California. Dkt. No. 45-4 at 1; Dkt. No. 45-5 at 1. Because Kinzie is a citizen of Ohio for purposes of diversity jurisdiction, while Highopes is a citizen of California and Washington, complete diversity exists.

2.  The Amount in Controversy Requirement is Met

The amount in controversy is an "estimate of the entire potential amount at stake in the litigation[.]" *Jauregui v. Roadrunner Transp. Servs., Inc*., 28 F.4th 989, 994 (9th Cir. 2022) (emphasis omitted); *see also Greene v. Harley-Davidson, Inc*., 965 F.3d 767, 772 (9th Cir. 2020) ("'Amount at stake' does not mean likely or probable liability; rather, it refers to possible liability."). This includes "any result of the litigation, excluding interests and costs, that entails a payment by the defendant." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (cleaned up). It encompasses, among other things, "damages (compensatory, punitive, or otherwise) as well as attorneys' fees awarded under fee shifting statutes," *id*. at 648–49, or provided by contract, *Simmons v. PCR Tech*., 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002).

In the removal context, to determine whether the jurisdictional amount in controversy has been satisfied, courts may consider "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins*. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) (cleaned up). A defendant who removes a case thus "may point to many different types of evidence" to establish the amount in controversy, and "[a] particularly powerful form of evidence is the plaintiff's own statements about the damages they seek." *Flores v. Safeway, Inc*., No. C19-

0825-JCC, 2019 WL 4849488, at *3 (W.D. Wash. Oct. 1, 2019). Such statements can include settlement demands. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (per curiam).

Despite asserting in its notice of removal that "[t]he amount in controversy requirement is satisfied," Dkt. No. 1 at 3, Highopes argues in its motion to dismiss that "[t]he amount in controversy does not meet the diversity jurisdiction threshold," Dkt. No. 41 at 14. Specifically, Highopes contends that the limitation of liability provision in the parties' contract limits Kinzie's "maximum remedy" to $23,000. *Id.* at 14–15.

Highopes cites the wrong legal standard for determining whether the amount in controversy requirement is met. *Id.* at 14. When a case is removed, the burden is on the removing defendant to prove by a preponderance of the evidence that the amount in controversy requirement is met, *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006), and "the amount in controversy is determined by the complaint operative at the time of removal," *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15, 417 (9th Cir. 2018). "[W]hen the amount in controversy is satisfied at removal, any subsequent amendment to the complaint or partial dismissal that decreases the amount in controversy below the jurisdictional threshold does not oust the federal court of jurisdiction." *Id.*; *see also* 14B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3706 (5th ed. 2024) ("Under an easily stated, well-settled principle, reflected in cases throughout the federal courts, the existence or nonexistence of the amount in controversy required for subject matter jurisdiction is determined on the basis of the facts and circumstances as of the time that an action . . . arrives [in federal court] from a state court by way of removal," and subsequent events such as a pleading amendment "cannot destroy the district court's jurisdiction once it has been acquired . . . by way of removal."). Highopes' argument in its motion to dismiss that "Plaintiff's claim does not meet the amount in controversy requirement," Dkt. No. 41 at 15, thus appears at first blush to "demonstrate[] that [Highopes] is completely unprepared to

1  support its claim of the sufficiency of the amount in controversy," *Wyomissing Pro. Clinic of*
2  *Physical Therapy v. State Farm Ins. Companies*, No. 92-1837, 1992 WL 122837, at *3 (E.D. Pa.
3  May 28, 1992), warranting remand to state court.

4  However, the Ninth Circuit has made clear that a "potential defense to [a] state court action
5  that [a] damages limitation restricts recovery to less than $75,000 . . . does not preclude federal
6  jurisdiction." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108
7  (9th Cir. 2010); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90
8  (1938). This rule applies even where a defendant "is asserting the potential defense, and at the
9  same time seeking a federal forum based on diversity jurisdiction." *Geographic Expeditions*, 599
10  F.3d at 1108. Here, Highopes' notice of removal proves by a preponderance of the evidence that
11  the amount in controversy is met. The state court complaint seeks $70,000 in damages plus an
12  unspecified amount in punitive damages and attorney's fees. Dkt. No. 1-1 at 7–8. Attorney's fees
13  and costs are expressly provided by the parties' contract, Dkt. No. 1-2 at 3, and it is reasonable to
14  assume that fees in this matter will exceed $5,000. Moreover, in a pre-litigation demand, Kinzie's
15  counsel characterized the "close to $70,000" in damages sought as being a conservative estimate.
16  *Id.* at 2–3. Considered together, these facts make it more likely than not that the jurisdictional
17  minimum is met here.[1]

18  To the extent Highopes contends that the limitation of liability provision makes it facially
19  evident that Kinzie's claims are actually for less than the jurisdictional amount, this argument fails.
20  First, it is self-defeating; if Kinzie's complaint on its face claimed less than the jurisdictional
21  amount, Highopes had no basis to remove the case. Second, Kinzie indicates that it will argue that

22

23  ---
[1] The state court complaint also seeks punitive damages; however, "Washington, unlike other states, employs a very
24  restrictive approach to punitive damages" and only permits their recovery when authorized by statute. *Broughton Lumber Co. v. BNSF Ry. Co.*, 278 P.3d 173, 183 n.14 (Wash. 2012). Neither the complaint nor the removal petition identifies a statute that would permit an award of punitive damages here.

the limitation of liability provision is unenforceable, Dkt. No. 42 at 8–9, and "just because [Highopes] might have a valid defense that will reduce recovery to below the jurisdictional amount does not mean [it] will ultimately prevail on that defense." *Geographic Expeditions*, 599 F.3d at 1108 (9th Cir. 2010). "[I]f a district court had to evaluate every possible defense that could reduce recovery below the jurisdictional amount the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction." *Id.*; *see also Leo India Films Ltd. v. GoDaddy.com, LLC*, 840 F. App'x 227, 228 (9th Cir. 2021) (district court's conclusion that it was a legal certainty the amount in controversy did not exceed $75,000 because a limitation of liability clause capped damages at $10,000 was foreclosed by *Geographic Expeditions*).

Although the Court ultimately dismisses Kinzie's fraud claim as failing to meet the heightened federal pleading standard, the narrowing of claims in this manner does not affect jurisdiction. And in any case, the Court finds that the damages pleaded in the amended complaint based on the breach of contract claim alone were made in good faith and exceed the jurisdictional minimum. *See* Dkt. No. 28 at 4 (seeking $75,000 for lost sales while website was down); *id.* at 5 (seeking $10,000 and $23,000 for loss of employee manpower and for services not received, respectively). Highopes' motion to dismiss based on subject matter jurisdiction is denied.

## B.    Highopes' Rule 12(b)(6) Motion is Granted in Part and Denied in Part

When deciding a motion under the Rule 12(b)(6) standard, a court must assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Instead, the plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

1.  Kinzie States a Breach of Contract Claim (Count 1)

Highopes asks the Court to dismiss Kinzie's breach of contract claim as conclusory and a bare recitation of the elements of the claim. *See* Dkt. No. 41 at 9. The Court denies Highopes' motion as to this claim.

As an initial matter, Highopes' own version of the facts—which it spends several pages describing—is irrelevant at this stage of proceedings. *Id.* at 2–6; *see also* Dkt. No. 42 at 2–4. Highopes avers that it "completed the website timely" and that Kinzie "became uncooperative with Highopes, crashed its own website, feigned damages, and ultimately refused to pay." Dkt. No. 41 at 2; *see also id.* at 4 5 (asserting that "[t]he evidence will show that Highopes had the expertise and capacity" and that Kinzie "caused the very problems about which it now complains"). At this stage, the Court must assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders*, 504 F.3d at 910. Contrary to what Highopes argues, these additional facts—including those in exhibits two through four accompanying the motion to dismiss, Dkt. Nos. 41-3, 41-4, 41-5—are not subject to judicial notice and there is no proper basis to consider them at this time. Dkt. No.43 at 8–9; *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("If defendants are permitted to present their own version of the facts at the pleading stage . . .  it becomes near impossible for even

1    the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief."). The Court

2    therefore disregards any factual statements other than those alleged in the complaint.

3            Moving on, the Court finds that the amended complaint states a sufficiently plausible claim

4    for breach of contract. To state a claim under Washington law,[2] Kinzie must allege the existence

5    of a contract, a duty imposed by that contract, breach of that duty, and that the breach proximately

6    caused it damages. *Nw. Indep. Forest Mfrs. v. Dep't of Lab. & Indus.*, 899 P.2d 6, 9 (Wash. Ct.

7    App. 1995). The amended complaint does this: it alleges that the parties entered into an enforceable

8    contract, under which Highopes assumed a duty to design and develop an "optimized e-commerce

9    website" within nine to 12 weeks, and to improve the website's search rankings. Dkt. No. 28 at 1–

10   2, 4; Dkt. No. 29-1 at 2. It also alleges that the Highopes breached those duties by delivering a

11   website "8-9 months later than Defendant had promised" that crashed upon arrival, resulting in a

12   precipitous drop in the website's search rankings. Dkt. No. 28 at 4–5. Kinzie further alleges that

13   the breach of those duties proximately harmed it: Kinzie paid Highopes for services that were not

14   delivered, and the breach resulted in a prolonged decrease in sales and depressed search rankings,

15   among other alleged harms. *See id.* Contrary to Highopes' contentions, the amended complaint

16   does not leave it "in the dark about how the contract was breached or how [Kinzie] has been

17   harmed" and without "fair notice to defend itself effectively[.]" Dkt. No. 41 at 9–10.

18           As for Highopes' argument about the limitation of liability clause, the fact that the parties'

19   contract may limit the amount Kinzie might recover on its breach of contract claim does not mean

20   Kinzie has not stated a claim. Moreover, Rule 12(b)(6) is not a vehicle to dismiss a portion of a

21   claim, or to strike certain damages. *See Hernandez v. Path, Inc.*, No. 12-CV-01515-YGR, 2012

22   WL 5194120, at *6 n.7 (N.D. Cal. Oct. 19, 2012) ("Federal Rule of Civil Procedure 12(b)(6) is

23

24   ─────────────────────
[2] Neither party argues that any other state's law should govern this dispute; instead, each party cites Washington law in its arguments. *See generally* Dkt. Nos. 41–43.

not an appropriate device to eliminate a portion of a claim."); *see also Walker v. Brooks Pub. Safety LLC*, No. 7:23-CV-00568, 2023 WL 8676226, at *5 n.5 (W.D. Va. Dec. 15, 2023) ("[I]nsofar as Defendants seek to strike a claimed element of damages . . . its efforts fail: a plain reading of Rule 12(b)(6) indicates that the rule may be used only to dismiss a claim in its entirety.") (cleaned up; citing cases).

Because the Court finds that the amended complaint plausibly states a breach of contract claim, the motion to dismiss is denied as to Count 1.

2.  Kinzie Fails to State a Fraudulent Misrepresentation Claim (Count 2)

The Court does, however, grant Highopes' motion as to Kinzie's fraud claim because it fails to meet the heightened pleading standard.

To state a fraudulent misrepresentation claim under Washington law, Kinzie must allege "(1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff." *Kaspers v. Howmedica Osteonics Corp.*, No. C15-0053JLR, 2015 WL 12085853, at *9 (W.D. Wash. Oct. 23, 2015) (quoting *Stiley v. Block*, 925 P.2d 194, 204 (Wash. 1996)). Federal Rule of Civil Procedure 9(b) "demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (cleaned up). To meet the heightened pleading standard, a plaintiff must allege "the who, what, when, where, and how" of the misconduct charged. *Id.*

Kinzie alleges that, during the parties' discussions between January 24, 2022 and February 8, 2022, Highopes (through its Creative Director) falsely represented that it had the expertise to

1    provide a scalable and conversion optimized website, along with search engine optimization and

2    marketing. Dkt. No. 28 ¶¶ 13, 16–17, 53. Highopes also represented that it had specific knowledge

3    of the cannabis industry that would be of "great value" to Kinzie. *Id.* ¶ 17. And finally, it falsely

4    represented that it could timely complete the project. *Id.* ¶¶ 18–19, 53. These allegations lack

5    specificity, and the remainder of Kinzie's allegations are the sort of threadbare recitals and

6    conclusory assertions proscribed under *Iqbal* and Rule 9(b). *Ashcroft v. Iqbal,* 556 U.S. 662, 678

7    (2009). For example, with respect to falsity and the speaker's knowledge thereof, Kinzie fails to

8    explain "why the disputed statement was untrue or misleading when made." *In re GlenFed Inc.*

9    *Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (emphasis added), *superseded by statute on other*

10   *grounds*, Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u–4(b)(1); *see also* Dkt.

11   No. 28 ¶¶ 34–35, 53. Kinzie's fraud-by-hindsight allegations—i.e., that Highopes' deception was

12   shown through its later deficient performance on the project—do not suffice. As for elements five

13   through seven, Kinzie fails to offer more than conclusory allegations. Dkt. No. 28 ¶¶ 23, 38, 52,

14   55–56; *In re GlenFed*, 42 F.3d at 1548 ("[M]ere conclusory allegations of fraud are insufficient.").

15   The complaint does not address Kinzie's right to rely on the allegedly false representations, nor

16   does it explain how its reliance on each misrepresentation resulted in damages suffered by it. Count

17   2 is therefore dismissed without prejudice and with leave to amend.

18   **C.      Highopes' Rule 12(c) Motion is Denied as Premature**

19           Highopes' Rule 12(c) motion, Dkt. No. 41 at 6, is procedurally premature because

20   Highopes has not yet answered the amended complaint. Rule 12(c) provides: "*After the pleadings*

21   *are closed*—but early enough not to delay trial—a party may move for judgment on the pleadings."

22   Fed. R. Civ. P. 12(c) (emphasis added). "[T]he pleadings are closed for the purposes of Rule 12(c)

23   once a complaint and answer have been filed." *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir.

24   2005); *see also* Fed. R. Civ. P. 7(a) (defining what filings are considered pleadings). Because the

pleadings are not closed, the Rule 12(c) motion is denied without prejudice.

### III.   CONCLUSION

For the reasons explained above, Highopes' Second Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Dkt. No. 41. Count 2 of the amended complaint is dismissed without prejudice and with leave to amend, and Count 1 survives. Any amended complaint must be filed within 21 days and must adequately set forth the parties' citizenship for diversity jurisdiction purposes. Kinzie must also file a redlined version of its complaint reflecting all changes made to the first amended complaint by this deadline.

Finally, the Court DISCHARGES its Order to Show Cause, Dkt. No. 44, based on the parties' responses to the same, Dkt. Nos. 45–47.

Dated this 15th day of November, 2024.

Lauren King
United States District Judge